OPINION OF THE COURT
John C. Egan, Jr., J.
This is a small claims proceeding under UCCA article 18.
The plaintiff, Pauline C. Bartel, alleges that the Times Union newspaper breached an agreement she had with the paper to author certain articles. In a claim filed on April 23, 1997, she seeks a money judgement of $3,000. The defendant appeared by counsel and interposed a general denial to the claim and also moved by notice of motion dated June 19, 1997 to dismiss the claim on the grounds that the court lacked subject-matter jurisdiction. A hearing on the claim was held on June 23, 1997. *381 The plaintiff called two witnesses to testify, herself and a Mr. Dan Carlinsky, who is the Chair of the Contracts Committee of the American Society of Journalists and Authors, Inc. The defendant called Patricia Hart, an employee of the Times Union.
The facts are not in dispute. It is apparent that in 1991 the plaintiff and the defendant entered into an oral agreement whereby Ms. Bartel would author 10 articles for publication in the Times Union newspaper, and the defendant would pay Ms. Bartel for producing these articles. Ms. Bartel produced the articles, and over a five-month period between April to September 1991 the articles appeared in print in the Times Union. Ms. Bartel was compensated for her work and the transaction was then closed.
In the fall of 1996 Ms. Bartel discovered inadvertently that the articles that she had written and that had appeared in print form in 1991 could now be accessed on computer on-line services. The plaintiff felt this constituted a second publication of her work, contacted the Times Union, and demanded additional compensation. When the Times Union refused, the plaintiff instigated this litigation.
The claim will be dismissed. The Times Union has not "republished” the plaintiff’s works as that term is commonly understood nor is the defendant now selling copies of Ms. Bar-tel’s articles six years after their initial appearance. Essentially, complete copies of each Times Union newspaper, less advertisements, are placed "on-line” on a daily basis for readers preferring to view the contents in an electronic, rather than paper, format. In one sense the parties contemplated that Ms. Bartel’s articles would appear only once in the Times Union on a particular publication date. However, it is also true that (1) a purchaser might mail the newspaper to a friend on the west coast; (2) a vendor might ship a supply of that day’s papers for resale in another city; (3) the Albany Public Library might retain in paper form back copies of the paper for viewing years later; and (4) the library, or the Times Union itself, might retain on microfilm back copies of the paper for viewing years later. In each of the above examples, Mr. Carlinsky conceded that no violation of Ms. Bartel’s rights would have occurred. The placement of each day’s Times Union "on-line” in electronic format is in the court’s view merely the modern-day equivalent of the former practice of microfilming, or before that, of simply saving extra copies of each day’s paper in archives. While the on-line version of the Times Union did not exist back in 1991, neither did microfilming back in 1925; in *382 each case technology advanced and the Times Union was able to take advantage of that. There is no proof that the Times Union reaps any financial advantage from a present-day reader being able to access old articles that once appeared in print via computer and I find that the plaintiffs rights have not been violated.